IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | No. 6:22-CR-62 |
| v. | § | JUDGE JCB/JDL |
| | § | |
| JOHN KHUU | § | |

## FACTUAL BASIS

Investigation by the United States Secret Service (USSS) and the United States Postal Inspection Service (USPIS) disclosed the following facts that establish that I, the defendant, John Khuu, violated 18 U.S.C. §§ 1956(h) and 371. I accept the following factual basis as true and correct:

### COUNT 1

1. From in or about January 2020, and continuing through in or about October 2020, the exact dates being unknown, in the Eastern District of Texas, and elsewhere, I knowingly combined, conspired, and agreed with other persons, known and unknown, to commit offenses against the United States in violation of 18 U.S.C. §§ 1956 and 1957, that is:

> to knowingly engage and attempt to engage, in monetary transactions by, through, and to a financial institution, affecting interstate and foreign commerce, in criminally derived property of a value greater than $10,000, and such property having been derived from a specified unlawful activity, that is, possession with intent to distribute and distribution of controlled substances, in violation of 21 U.S.C. § 841(a)(1), and possession with intent

to distribute and distribution of counterfeit substances, in violation of 21 U.S.C. § 841(a)(2), in violation of 18 U.S.C. § 1957.

2. I knew of the unlawful purpose of the agreement.

3. During the existence of the conspiracy, I knew that the property involved in the transactions represented the proceeds of some form of specified unlawful activity.

4. I joined in the agreement willfully, that is, with the intent to further its unlawful purpose.

5. The value of the laundered funds was more than $150,000.00 but less than or equal to $250,000.00.

6. I acknowledge that these acts constitute a violation of 18 U.S.C. § 1956(h) (Conspiracy to Commit Money Laundering).

## COUNT 2

7. From in or about January 2020, and continuing through in or about October 2020, the exact dates being unknown, in the Eastern District of Texas, and elsewhere, I knowingly combined, conspired, and agreed with other persons, both known and unknown, to commit and abet certain offenses against the United States in violation of 18 U.S.C. § 1960, that is: to knowingly conduct, control, manage, supervise, direct, or own all or part of an unlicensed money transmitting business which affected interstate or foreign commerce in some manner or degree without an appropriate money transmitting license in a State where such operation is punishable as a misdemeanor or a felony under State law, whether or not the defendant knew that the operation was required to be licensed or that the operation was so punishable, or while failing to comply with the

money transmitting business registration requirements under 31 U.S.C. § 5330 or regulations prescribed under that section.

8. I knew of the unlawful purpose of the agreement.

9. I joined in the agreement willfully, that is, with the intent to further its unlawful purpose.

10. It was the purpose of the conspiracy for my co-conspirators and I to operate an unlicensed money transmitting business in order to unlawfully and unjustly enrich ourselves by transmitting funds on behalf of others.

11. To achieve the goals of the conspiracy, I operated an unlicensed money transmitting business.

12. I failed to comply with the money transmitting business registration requirements under section 5330 of Title 31, United States Code, and the regulations prescribed under such section.

13. I operated and controlled bank accounts, under false and fictitious pretenses, in order to transmit funds.

14. I sent my co-conspirators' bank account information to others who agreed to receive proceeds in the form of BTC. For such accounts, I would, at a minimum, include the name on the account, address, the account numbers, and the routing numbers.

15. My unlicensed money transmitting business provided others with a means to transfer money outside of the conventional financial institutions system.

16. On or about January 27, 2020:

    a. I negotiated a trade of BTC for a counter cash deposit of $6,200.

      b.    A cash deposit of $6,200.00 was made into a Chase account I designated in the name of "Austin Mai Sole Proprietor."

      c.    After the deposit was completed, I deposited the BTC into a specific cryptocurrency account controlled by an individual in the Eastern District of Texas.

17.    On or about January 27, 2020:

      a.    I negotiated a trade of BTC for a counter cash deposit of $500.00.

      b.    A cash deposit of $500.00 was made into a Chase account I designated in the name of "Austin Mai Sole Proprietor."

      c.    After the deposit was completed, I deposited the BTC into a specific cryptocurrency account controlled by an individual in the Eastern District of Texas.

18.    On or about January 27, 2020:

      a.    I negotiated a trade of BTC for a counter cash deposit of $8,800.00.

      b.    A cash deposit of $8,800.00 was made into a Wells Fargo account I designated in the name of "Jeff Tung Sole Prop."

      c.    After the deposit was completed, I deposited the BTC into a specific cryptocurrency account controlled by an individual in the Eastern District of Texas.

19.    On or about April 18, 2020:

      a.    I negotiated a trade of BTC for counter cash deposits of $31,000.00 and $6,460.00.

    b.    Thirteen separate cash deposits were made into accounts I designated. The table below provides a summary of the transactions:

| Bank | Account Name | Amount |
|---|---|---|
| Wells Fargo | Anthony Mui Sole Proprietor | $12,740.00 |
| Citibank | Zelle: John Khuu | $18,720.00 |
| JPMorgan Chase | Jonathan Xu Sole Prop | $6,000.00 |

    c.    After the deposits were completed, I deposited the BTC into a specific cryptocurrency account controlled by an individual in the Eastern District of Texas.

20.    Beginning on or about April 30, 2020, and continuing to on or about May 7, 2020:

    a.    I negotiated trades of BTC for counter cash deposits totaling $473,248.00.

    b.    One hundred eighteen separate cash deposits were made into accounts I designated. The table below provides a summary of the transactions:

| Bank | Account Name | Amount |
|---|---|---|
| Bank of America | Li Online Retail | $13,413.00 |
| Citibank | Zelle: John Khuu | $31,232.00 |
| Citibank | John Khuu | $19,000.00 |
| Citibank | Zelle: John Khuu (1995) | $12,654.00 |
| JPMorgan Chase | Jelen Wu Sole Prop | $35,630.00 |
| JPMorgan Chase | Samson Zheng Sole Proprietor | $41,750.00 |
| JPMorgan Chase | Jonathan Xu Sole Prop | $35,225.00 |
| JPMorgan Chase | Marvin Chen Sole Prop | $45,335.00 |
| JPMorgan Chase | Jimmy Suen Sole Prop | $26,400.00 |
| JPMorgan Chase | Andy La Sole Prop | $8,700.00 |
| JPMorgan Chase | Benson Wan Sole Prop | $43,337.00 |
| JPMorgan Chase | Bowee Yu | $32,690.00 |

| Bank | Account Name | Amount |
|---|---|---|
| JPMorgan Chase | Eric Yeung | $28,988.00 |
| JPMorgan Chase | Tony Tan Sole Prop | $15,680.00 |
| Wells Fargo | Anthony Mui Sole Proprietor | $83,214.00 |

    c.    After the deposits were completed, I deposited the BTC into a specific cryptocurrency account controlled by an individual in the Eastern District of Texas.

21.    On or about June 1, 2020:

    a.    I negotiated a trade of BTC for counter cash deposits totaling $77,800.00.

    b.    Sixteen separate cash deposits were made into accounts I designated. The table below provides a summary of the transactions:

| Bank | Account Name | Amount |
|---|---|---|
| Citibank | Zelle: John Khuu (1995) | $500.00 |
| JPMorgan Chase | Austin Mai Sole Prop | $10,750.00 |
| JPMorgan Chase | Jelen Wu Sole Prop | $9,910.00 |
| JPMorgan Chase | Samson Zheng Sole Proprietor | $9,950.00 |
| JPMorgan Chase | Jonathan Xu Sole Prop | $9,900.00 |
| JPMorgan Chase | Marvin Chen Sole Prop | $9,900.00 |
| JPMorgan Chase | Jimmy Suen Sole Prop | $8,250.00 |
| JPMorgan Chase | Benson Wan Sole Prop | $8,640.00 |
| JPMorgan Chase | Bowee Yu | $10,000.00 |

22.    I acknowledge that these acts constitute a violation of 18 U.S.C. § 371 (Conspiracy to Operate an Unlicensed Money Transmitting Business).

23.  I agree to forfeit the amount of property involved in the offenses. The appropriate measure of forfeiture will be determined by the Court at or prior to sentencing. I hereby stipulate that the facts described above are true and correct and accept them as the uncontroverted facts of this case.

Dated: _____1/8/25_____      _____
                              JOHN KHUU
                              Defendant

### Defendant's Counsel's Signature and Acknowledgment:

I have read this Factual Basis and the Plea Agreement in this matter and have reviewed them with my client, John Khuu. Based upon my discussions with my client, I am satisfied that he understands the terms and effects of the Factual Basis and the Plea Agreement and that he is signing this Factual Basis voluntarily.

Dated: _____1/8/25_____      _____
                              CLINT BRODEN
                              Attorney for Defendant

Factual Basis - Page 7